**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID RUSSELL #1636898** | § | |
| | § | |
| **V.** | § | **A-14-CA-667-LY** |
| | § | |
| **OLIVER BELL, BRAD LIVINGSTON,** | § | |
| **RICK THALER, WILLIAM STEPHENS,** | § | |
| **OSCAR MENDOZA, and FRANK HOKE** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Powledge Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff complains, due to cutbacks in the prison budget, he has limited legal research materials and personal correspondence supplies. He claims the cutbacks have resulted in violations of his rights under the First, Fifth, Eighth, and Fourteenth Amendments. He also claims the defendants violated criminal law under 18 U.S.C. § 242.[1] He sues Oliver Bell, Brad Livingston, Rick Thaler, William

---

[1] Plaintiff does not have a private cause of action under the criminal statutes.

Stephens, Oscar Mendoza and Frank Hoke. Plaintiff seeks a declaratory judgment, compensatory damages, punitive damages, and nominal damages.  Plaintiff make clears he seeks damages against the defendants only in their individual capacities.

DISCUSSION AND ANALYSIS

A.   <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).      B.      <u>First Amendment</u>

1.   *Inadequate Law Library*

Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. <u>McDonald v. Steward</u>, 132 F.3d 225, 230 (5th Cir. 1998) (citing <u>Degrate v. Godwin</u>, 84 F.3d 768, 768-69 (5th Cir. 1996) (quoting <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977)).  Nevertheless, this constitutional guarantee does not afford prisoners unlimited access to prison law libraries.  <u>Id.</u>  Limitations may be placed on library access so long as the regulations are "reasonably related to legitimate penological interests."  <u>Id</u>. (citing <u>Lewis v.</u>

2

Casey, 518 U.S. 343, 361 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, (1987)).  Additionally, before a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts."  Id. at 230-31 (citing  Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)).  Plaintiff's allegations do not set forth an actual injury for purposes of a denial-of-access-to-courts claim.

    2. *Correspondence Supplies*

  The prison's new correspondence rules must be evaluated under the factors set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987).  In Turner the Supreme Court held that four factors are relevant in deciding whether a prison regulation affecting a constitutional right that survives incarceration withstands constitutional challenge: (1) whether the regulation has a valid, rational connection to a legitimate governmental interest; (2) whether alternative means are open to inmates to exercise the asserted right; (3) what impact an accommodation of the right would have on guards and inmates and prison resources; and (4) whether there are "ready alternatives" to the regulation. The burden is not on the State to prove the validity of prison regulations but on the prisoner to disprove it.  Overton v. Bazzetta, 539 U.S.126, 132 (2003) (citations omitted).

  According to Plaintiff, due to budget cuts, he is not given the same amount of correspondence supplies as he received prior to October 2013.  Plaintiff asserts under the new policy each month he is given five envelopes, twenty-five sheets of paper, and $2.30 of postage.  Under the old policy, Plaintiff claims he received that amount of supplies each week.  Plaintiff alleges he now has to choose wisely when corresponding to family and friends and when deciding to practice and study

his religion by way of postal correspondence.  For example, Plaintiff asserts he has to stop writing his brother in order for him to write his girlfriend.

The correspondence rules of which Plaintiff complains serve the legitimate goals of reducing the cost of running the prison.  Other than declaring the policy regarding correspondence supplies unconstitutional, Plaintiff has failed to suggest ready alternatives to the policy.  Eliminating the policy would require the prison to reallocate resources to offender correspondence.  After consideration Plaintiff's complaint, the Court is satisfied the correspondence policy challenged by Plaintiff satisfies the <u>Turner</u> factors and withstands a constitutional challenge.

       C.     <u>Fifth Amendment</u>

To the extent Plaintiff raises a due process claim pursuant to the Fifth Amendment his claim must be dismissed.  The Fifth Amendment provides protection for citizens against the federal government, not the states.  In the present case, Plaintiff sues state officials.  Therefore, the Fourteenth Amendment would be the proper constitutional amendment for adjudicating Plaintiff's claims against the state officials.

       D.     <u>Eighth Amendment</u>

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (citations omitted).  Prison officials violate the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, "sufficiently serious."  <u>Id.</u> at 834.  Second, a prison officials act or omission must result

in the denial of "the minimal civilized measure of life's necessities."  Id.  Plaintiff's allegations fail to rise to the level of an Eighth Amendment violation.

      E.      <u>Fourteenth Amendment</u>

          1.    *Due Process*

Prior to <u>Sandin v. Conner</u>, courts examined state laws to determine whether a protected liberty interest was created by mandatory language in the statute.  <u>Sandin v. Conner</u>, 515 U.S. 472, (1995). In <u>Sandin</u>, the Supreme Court disapproved of previous cases which "shift[ed] the focus of the liberty interest inquiry to one based on the language of a particular regulation, and not the deprivation."  515 U.S. at 481.  The Court concluded that such an inquiry "encouraged prisoners to comb regulations in search of mandatory language on which to base entitlements to various state-conferred privileges."  Id.  The Court recognized that states may create liberty interests which are protected by the Due Process Clause.  However, the Court held that these interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Id</u>. at 484. (citations omitted).

As a general rule, only sanctions which result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest.  <u>See</u> <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-33 (5th Cir. 1995), <u>cert</u>. <u>denied</u>, 516 U.S. 1059 (1996) ("Although <u>Sandin</u> cites with approval cases in which it was held that state law could create a constitutional liberty interest in good-time credits, or release on parole, it is difficult to see that any other deprivations in the prison

context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.") (citations omitted).  Changes to the correspondence rules, at most, are mere changes in the condition of a prisoner's confinement and do not implicate due process concerns.

### 2.    *Equal Protection*

A violation of equal protection occurs only when the governmental action in question "classif[ies] or distinguish[es] between two or more relevant persons or groups[,]"  Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir.1988), or when a classification impermissibly interferes with a fundamental right.  Hatten v. Rains, 854 F.2d 687, 690 (5th Cir.1988).  A "fundamental right," for purposes of equal protection analysis, is one that is "among the rights and liberties protected by the Constitution."  San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 29 (1973).

Plaintiff does not identify any similarly situated prisoners, nor does his allegations show he was intentionally treated differently from other prisoners absent a rational basis.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Vague and conclusional allegations that a prisoner's equal protection rights have been violated are insufficient to raise an equal protection claim. Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990).  Moreover, as explained above, the change in policy is rationally related to a legitimate state interest and withstands a constitutional challenge.

### RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

7

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of September, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE